UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-25377-DIMITROULEAS/D'ANGELO

CLAUDIA HELEN YANEZ SALCEDO, AND
EDGARD EMIL SEPULVEDA DIAZ

      Plaintiff,

vs.

TACOS EL PORKY I, LLC,
FRANK A. NERI, AND
GIANCARLO MONSANTO,

      Defendants.

_____/

**PLAINTIFFS' MOTION TO DEEM SERVICE OF COMPLAINT PERFECTED
VIA SUBSTITUTED SERVICE THROUGH THE FLORIDA SECRETARY OF STATE**
**(as to Defendant Tacos El Porky I, LLC)**

Plaintiffs, Claudia Helen Yanez Salcedo and Edgard Emil Sepulveda Diaz (collectively, "Plaintiffs"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1)(A), Florida Statutes §§ 48.062 and 48.161, and other applicable Rules and laws, request that the Court enter an Order determining that Defendant, Tacos El Porky I, LLC ("Tacos El Porky"), was served with process in compliance with Florida Statutes §§ 48.062 and 48.161, based on the following good cause:

## I. FACTUAL AND PROCEDURAL HISTORY

1.       Plaintiffs filed their Complaint on November 18, 2025. [ECF No. 1.]

2.       On November 20, 2025, the Clerk of this Court issued the Summons to be served on Tacos El Porky. [ECF No. 6.]

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

3.      Plaintiffs retained a certified process server to effect personal service of the Complaint and Summons on Tacos El Porky. [*See* ECF No. 10-1].

4.      Plaintiffs' process server made at least eight attempts to serve Tacos El Porky with the Complaint and Summons between November 25, 2025, and January 8, 2026, at both the address of its registered agent and its principal place of business, but to no avail. [*See* ECF No. 10].

5.      On January 13, 2026, Plaintiffs filed a Proposed Alias Summons in order to effect substituted service of process on Tacos El Porky via the Florida Secretary of State. [ECF No. 11].

6.      The following day, the Clerk of this Court issued the Alias Summons for service on Tacos El Porky through the Florida Secretary of State. [ECF No. 12].

7.      After exhausting reasonable efforts to effect personal service on Tacos El Porky, Plaintiffs proceeded with substitute service under Florida Statute § 48.062(4) by submitting a request for substitute service to the Florida Department of State on January 14, 2026. (Exhibit "1" to Exhibit "A").

8.      Plaintiffs then mailed to Tacos El Porky, via certified mail, copies of the Complaint, the Summons issued for service upon the Secretary of State, and correspondence notifying Tacos El Porky of the substituted service effectuated on it through the Florida Secretary of State. (Exhibit "2" to Exhibit "A").

9.      On January 21, 2026, the Florida Secretary of State accepted service of process on behalf of Tacos El Porky and issued its notice of acceptance. (Exhibit "3" to Exhibit "A").

10.    Plaintiffs' compliance with these statutory substitute service and mailing requirements is detailed in the Sworn Declaration of Plaintiffs' Counsel, appended hereto as Exhibit "A."

## II. MEMORANDUM OF LAW

Rule 4 of the Federal Rules of Civil Procedure provides for service of process on a defendant by following state law. Fed. R. Civ. P. 4(e)(1); and *Manufacturers Hanover Trust Co. v. Ponsoldt,* 51 F.3d 938 (11th Cir. 1995). Florida Statutes §§ 48.062(4) and 48.161 authorize substitute service on the Secretary of State when a Florida limited liability company cannot be served after the exercise of reasonable diligence. Fla. Stat. §§ 48.062, 48.161.

To perfect substitute service under Section 48.161, a plaintiff must serve the Secretary of State, send notice of such service and a copy of process to the defendant by certified or registered mail, and file a declaration of compliance. Fla. Stat. §48.161(3) (2025); *Lynch v. Bailey-Roka,* No. 22-cv-14338, 2023 U.S. Dist. LEXIS 63767, (S.D. Fla. 2023). This Court recognizes that where a defendant is evading service, strict proof of receipt of the notice, such as a signed return receipt, is not required. *See Id.* ("However, because Defendant Holzknecht appears to be evading service… Plaintiffs are not required to file the return receipt from Defendant but are still required to send notice to the defendant via certified mail that substitute service has been effectuated through the Secretary of State.")

## III. ARGUMENT

The undersigned's Declaration of Compliance attached hereto as Exhibit "A" establishes that Plaintiffs exercised more than reasonable diligence prior to resorting to substituted service through the Florida Secretary of State. At least eight service attempts were made on different dates,

at multiple addresses, and at varying times of the day. On the process server's first attempt to serve Tacos El Porky at the address of its registered agent, the door to this office was locked during normal business hours, no one was present, and the office door bore a sign stating "Room 1 09, Custom Menswear"—indicating that this address was not actually occupied by Tacos El Porky's registered agent, Baja Restaurant Group, LLC. [ECF No. 10-1].

The process server then proceeded to attempt service of process at the business address of Tacos El Porky on three occasions. *Id.* First, the door was locked and no one was present. Second, only one individual was present in the establishment, who appeared to be a cook. However, the individual "would not confirm that he worked for Tacos El Porky" and refused to confirm information about the restaurant's owner. *Id.* During the third and final service attempt at Tacos El Porky's business address, the restaurant was completely vacant during normal business hours, with a "for lease" sign hung in the window. *Id.* Additionally, the process server attempted service on four separate occasions at 350 S. Miami Ave, Apt. 2712, Miami, Florida 33130, the residential address listed on Sunbiz for Giancarlo Monsanto, who is identified on Sunbiz as an authorized member f Baja Restaurant Group, LLC, the registered agent for Tacos El Porky I, LLC, during which there was no answer, no movement was heard inside, neighbors did not respond, and building security refused to confirm the resident's identity. *Id.* These facts demonstrate concealment and/or evasion of service within the meaning of Fla. Stat. §48.161.

The Sworn Declaration of the undersigned further establishes that Plaintiffs properly invoked substitute service through the Florida Secretary of State, that the Secretary of State accepted service on behalf of Tacos El Porky, and that Plaintiffs mailed the required statutory

notice and copies of process via certified mail. Plaintiffs have filed the required sworn declaration of compliance in accordance with Florida Statutes §§ 48.062 and 48.161.

All statutory prerequisites have therefore been satisfied. Accordingly, substitute service was properly effected, and service of process should be deemed perfected as of January 21, 2026.

### III.  CONCLUSION

Plaintiffs respectfully request that this Court enter an Order finding that substitute service of process upon the Florida Secretary of State was properly effected pursuant to Fla. Stat. § 48.161, deeming service of process perfected upon Defendant Tacos El Porky I, LLC, as of January 14, 2026, recognizing Exhibit "A" as Plaintiff's Declaration of Compliance, and granting such further relief as the Court deems just and proper.

Respectfully submitted this 24th day of February 2026,

<div style="margin-left:50%">

Katelyn Schickman, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
Katelyn Schickman, Esq.
Fla. Bar No. 1064879
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
*Counsel for Plaintiff*

</div>