UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-25377-CIV-DIMITROULEAS/D'ANGELO

CLAUDIA YANEZ SALCEDO, and
EDGARD EMIL SEPULVEDA DIAZ,

    Plaintiffs,

vs.

TACOS EL PORKY I, LLC, et al.,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO DEEM SERVICE OF COMPLAINT PERFECTED VIA SUBSTITUTED SERVICE

**THIS CAUSE** is before the Court on Plaintiffs Claudia Yanez Salcedo, and Edgard Emil Sepulveda Diaz's Motion to Deem Service of Complaint Perfected Via Substituted Service Through the Florida Secretary of State filed on February 24, 2026 (DE 20).[1] Having considered Plaintiffs' arguments, the relevant legal authorities, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **ORDERED and ADJUDGED** that Plaintiff's Motion is **GRANTED**.

In support of their Motion, Plaintiffs request that substituted service of process be deemed perfected on Defendant Tacos El Porky I, LLC ("Tacos El Porky") (*id.* at 5). Plaintiffs argue that they made numerous attempts to personally serve Defendant Tacos El Porky by its registered agent, at its last known address, and personal service through an authorized individual of its registered agent (*id.* at 3-5). According to Plaintiffs, their service attempts were unsuccessful, which led

---

[1] The Motion was referred to the undersigned Magistrate Judge for appropriate disposition or Report and Recommendation to the extent a ruling is required (DE 22).

them to substituted service of process through the Florida Secretary of State (*id.*).  After receiving confirmation from the Secretary of State that he accepted service of process on January 21, 2026, Plaintiffs sent notice of its substituted service of process, and the summons and Complaint, to Defendant Tacos El Porky by certified mail, return receipt requested (*id.*).

Defendant Tacos El Porky is a domestic limited liability company ("LLC") registered in the state of Florida (DE 1 ¶ 7).  Federal Rule of Civil Procedure 4(h) instructs plaintiffs attempting to serve a LLC to follow Rule 4(e)(1).  Fed. R. Civ. P. 4(h)(1)(A).  Federal Rule of Civil Procedure 4(e)(1) provides that service of process in a United States judicial district is accomplished by following state law:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .

Fed. R. Civ. P. 4(e)(1).  Under Florida law, Florida Statute "Section 48.062 generally governs service on LLCs in Florida and sets forth a hierarchy of persons who may accept service on an LLC's behalf."  *Wareka v. Celebrity Plastics LLC*, No. 24-CIV-23251, 2025 WL 4235814, at *2 (S.D. Fla. Jan. 2, 2025) (citation and quotation omitted).  Section 48.062 provides:

> (2) A domestic limited liability company or registered foreign limited liability company may be served with process required or authorized by law by service on its registered agent designated by the domestic limited liability company or registered foreign limited liability company under chapter 605.
>
> . . .
>
> (4) If, after due diligence, the process cannot be completed under subsection (2) and if either:
>
>> (a) The only person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual

> report, as most recently amended, is also the registered agent on whom service was attempted under subsection (2); or
>
> (b) After due diligence, service was attempted on at least one person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual report, as most recently amended, and cannot be completed on such person under subsection (3),
>
> the service of process may be served as provided in s. 48.161 on the Secretary of State as an agent of the domestic limited liability company or the registered foreign limited liability company or by order of the court under s. 48.102.

FLA. STAT. §§ 48.062(2), (4)(a) (2023).  Florida Statute Section 48.161 provides the procedure for substituted service of process on the Florida Secretary of State:

> (1) When authorized by law, substituted service of process on a nonresident individual or a corporation or other business entity incorporated or formed under the laws of any other state, territory, or commonwealth, or the laws of any foreign country, may be made by sending a copy of the process to the office of the Secretary of State. Such process must be issued in the name of the party to be served, in the care of the Secretary of State, and must be made by personal delivery; by registered mail; by certified mail, return receipt requested; by use of a commercial firm regularly engaged in the business of document or package delivery; or by electronic transmission. Such service is sufficient service on a party that has appointed or is deemed to have appointed the Secretary of State as such party's agent for service of process.
>
> . . .
>
> (3) Whenever a party is using substituted service specified in subsection (1), notice of service and a copy of the process must also be sent forthwith to the party being served by the party effectuating service or by such party's attorney by registered mail; by certified mail, return receipt requested. . . . The notice of service and a copy of the process must be sent to the last known physical address and, if applicable, last known electronic address of the party being served.

FLA. STAT. §§ 48.161(1), (3) (2025).  Before resorting to substituted service of process, a party must use "due diligence."  A party is considered to have used due diligence if the party:

> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;
> (b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and

3

  (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

§§ 48.161(5) (a)-(c).

  Plaintiffs exercised due diligence in attempting to serve Defendant Tacos El Porky before resorting to substituted service. Between November 25, 2025 and January 8, 2026, Plaintiffs attempted personal service on Defendant Tacos El Porky eight times; however, none of which were successful (DE 10-1, DE 20-1 ¶ 7). Plaintiffs aimed these eight service attempts at Defendant Tacos El Porky's registered agent, its principal place of business, and an address for an authorized person for Defendant Taco El Porky's registered agent (DE 20-1 ¶ 7). Plaintiffs submitted a sworn declaration by a process server describing these each of attempts (DE 10-1). The record shows that Plaintiffs exercised due diligence before proceeding to substituted service of process, as authorized in Section 48.062(4)(a). *See Viral DRM, LLC v. Hardee Broad. LLC*, No. 23-CIV-2628, 2024 WL 1174750, at *3 (M.D. Fla. Mar. 19, 2024) (finding the plaintiff was duly diligent when it attempted to serve the Defendant's registered agent at least four times).

  After the unsuccessful attempts, Plaintiffs filed an alias summons to effect substituted service of process (DE 11), which the Clerk of Court issued on January 14, 2026 (DE 12). That same day, Plaintiffs submitted the alias summons and Complaint to the Florida Secretary of State (DE 20-2), and the Secretary of State confirmed "substitute[d] service of process was accepted for [Defendant] TACOS EL PORKY I, LLC" on January 21, 2026 (DE 20-4). In compliance with Section 48.161(3), Plaintiffs sent a notice of service, along with the alias summons and Complaint, to Defendant Tacos El Porky by certified mail, return receipt requested (DE 20-3 at 1-22). After exercising due diligence, Plaintiffs' substituted service of process on the Secretary of State was proper. *See Vega v. PBS Constr. LLC*, No. 23-CIV-940, 2023 WL 6809633, at *4 (M.D. Fla. Oct.

16, 2023) (finding that substituted service of process on the Secretary was proper for a domestic limited liability company after its registered agent concealed her location). Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion is **GRANTED**.

2. Plaintiffs were authorized to serve the Florida Secretary of State on behalf of Defendant Tacos El Porky I, LLC pursuant to Florida Statute Section 48.161.

3. To the extent possible, Plaintiffs shall send their notice of service of process (DE 20-3), along with the summons and Complaint, to Defendant Tacos El Porky I, LLC, at its "last known electronic address." FLA. STAT. § 48.461(3). **By March 19, 2026**, Plaintiffs shall file a Notice of Compliance on the docket stating whether they have sent the notice, summons and Complaint, to Defendant Tacos El Porky I, LLC's last known electronic address. If Plaintiffs do not possess Defendant Tacos El Porky I, LLC's last known electronic address, Plaintiffs shall state as much in their Notice.

**DONE and ORDERED** in Chambers in Miami, Florida on this 12th day of March, 2026.

_____
ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:   All Counsel of Record