**FairLaw F**

U.S. Postal Service™

**CERTIFIED MAIL® RECEIPT**

*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ _____
☐ Return Receipt (electronic) $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

Total Postage and Fees

$ 7.47

Sent To
Giancarlo Montesanto

Street and Apt. No., or PO Box No.
350 S Miami Ave Apt 2712

City, State, ZIP+4®
Miami, FL 33130

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions

135 San Lorenzo Avenue, Suite
Coral Gables, Florida 33146

TEL 305.230.4884   FAX 305.230.4

www.fairlawattorney.com

March 18, 2026

Via Certified U.S. Mail
Giancarlo Monsanto
350 S Miami Ave., Apt. 2712
Miami, FL 33130

RE:   *Claudia Helen Yanez Salcedo and Edgard Emil Sepulveda Diaz v.*
      *Tacos El Porky I, LLC, et al.*
      **Case No.: 1:25-CV-25377-DIMITROULEAS/D'ANGELO**
      **Notice of Substitute Service**

To the Defendant, Giancarlo Monsanto:

Please take notice that pursuant to Florida Statutes § 48.161 and § 48.181, a copy of the Summons and Complaint in the above-styled action has been served upon the Secretary of State of Florida, who acts as your statutory agent for service of process.

Service upon the Secretary of State was initiated on February 24, 2026.

Enclosed please find a copy of the Alias Summons and the Complaint for your records.

Sincerely,

Katie Schickman, Esq.
katie@fairlawattorney.com

Encls.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| CLAUDIA YANEZ SALCEDO AND EDGARD EMIL SEPULVEDA DIAZ | ) ) ) ) ) ) | |
| _Plaintiff(s)_ | ) ) | Civil Action No.  1:25-CV-25377-WPD |
| v. | ) | |
| TACOS EL PORKY I, LLC, FRANK A. NERI, AND GIANCARLO MONSANTO | ) ) ) ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  GIANCARLO MONSANTO
c/o Secretary of State P.O. Box 6327
Tallahassee, FL 32314

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Brian H. Pollock, Esq.
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Tel: (305) 230-4884
brian@fairlawattorney.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:   Feb 23, 2026

SUMMONS

s/ K. Rivers

Deputy Clerk
U.S. District Courts

Angela E. Noble
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-25377

CLAUDIA YANEZ SALCEDO and
EDGARD EMIL SEPULVEDA DIAZ,

      Plaintiffs,

vs.

TACOS EL PORKY I, LLC,
FRANK A. NERI, and
GIANCARLO MONSANTO,

      Defendants.

_____/

## COMPLAINT

Plaintiffs, Claudia Yanez Salcedo and Edgard Emil Sepulveda Diaz, sue Defendants, Tacos El Porky I, LLC 305, Frank A. Neri, and Giancarlo Monsanto, as follows:

*Parties, Jurisdiction, and Venue*

1. Plaintiff, Claudia Yanez Salcedo ("Ms. Yanez Salcedo"), is over 18 years old and has been a sui juris resident of Miami-Dade County, Florida, at all times material.

2. Although hired as a cook, Defendants had Ms. Yanez Salcedo work as a cook, server, and busser during her employment.

3. Ms. Yanez Salcedo worked for Defendants from approximately April 2024 to September 3, 2025.

4. Plaintiff, Edgard Emil Sepulveda Diaz ("Mr. Sepulveda Diaz"), is over 18 years old and has been a sui juris resident of Miami-Dade County, Florida, at all times material.

1

5.    Mr. Sepulveda Diaz worked for the Defendants from approximately May 1, 2025, to September 2, 2025.

6.    Although hired as a cook, Defendants had Mr. Sepulveda Diaz work as a cook, server, and busser during her employment.

7.    Defendant, Tacos El Porky I, LLC 305, is a sui juris Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

8.    Defendant, Frank A. Neri, was at all times material an owner, officer, director, or manager of the corporate Defendant during the period relevant to this lawsuit. He managed its daily operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiffs' wages.

9.    Defendant, Giancarlo Monsanto, was at all times material an owner, officer, director, or manager of the corporate Defendant during the period relevant to this lawsuit. He managed its daily operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiffs' wages.

10.    This Court has original jurisdiction over Plaintiffs' federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, et seq., and pendent/supplemental jurisdiction over Plaintiffs' related Florida state law claim(s).

11.    Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District and maintained their principal places of business in this District, because

2

Plaintiffs worked and were due to be paid in this District, and because most, if not all, of the operational decisions were made in this District.

12. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiffs.

13. Plaintiffs retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### FLSA Jurisdictional Allegations

14. Plaintiffs were hourly employees of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

15. Plaintiffs were non-exempt employees of Defendants.

16. Plaintiffs consent to participate in this lawsuit.

17. To the extent that records exist regarding the exact dates of Plaintiffs' employment, they are believed to be in the exclusive custody of the Defendants.

18. Plaintiffs' work for Defendants was actually in or so closely related to the movement of commerce while working for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of their job duties, which included regularly and routinely engaging in interstate commerce by taking food/drink orders, entering them into the Toast software, processing credit card, debit card, ApplePay, and Google Pay transactions, cooking the food, serving the food and drinks, and then cleaning the Defendant's restaurant.

19. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

3

20. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

21. Defendants operated as an enterprise engaged in interstate commerce in their marketing, preparing, cooking, serving, and selling foodstuffs, produce, meats, fish, rice, beverages, coffee, tea, and products that previously moved in interstate commerce through their marketing, sales, promotion, and operation of a restaurant which, traditionally, cannot be performed without using appliances, refrigeration units, stoves, goods, materials, supplies, and equipment that have all previously moved in interstate commerce.

22. Defendants also engage in interstate commerce through their regular, recurrent, and routine exchange of information and payment through foreign payment platforms such as Uber Eats, DoorDash, Toast, and Postmates, which serve as application platforms for patrons to order and pay for food and arrange pickup or delivery

23. Defendants also communicated with their workers and others by regularly and routinely using telephones and transmitting information by email and the Internet, and such transmissions regularly and routinely traveled outside the State of Florida.

24. Defendants also engage in e-commerce through their utilizing Toast, an out-of-state vendor who provides a point-of-sale solution that incorporates order management and payment processing through electronic communications that regularly and routinely travel outside of the State of Florida for each electronic payment (Apple Pay, Google Pay, credit/debit card) transactin

4

processed.

25.     Defendant's corporate annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time period and/or $125,000.00 for each relevant fiscal quarter.

26.     Defendants controlled all job-related activities of Plaintiff.

27.     Defendants coordinated all job-related activities of Plaintiff.

28.     Defendants supervised Plaintiff's work.

29.     The FLSA makes each "employer" jointly and severally liable for all wages, liquidated damages, attorneys' fees, and costs owed.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

### COUNT Iᴀ
### (By Claudia Yanez Salcedo)

Plaintiff, Claudia Yanez Salcedo, reincorporates and re-alleges paragraphs 1 through 3 and 7 through 29 as though set forth fully herein and further alleges as follows:

30.     Defendants failed and refused to pay Ms. Yanez Salcedo even the minimum wage of $7.25 per hour required by the FLSA for each of the hours she worked by not timely paying her for many of the hours she worked.

31.     As a direct and proximate result of Defendants' failure to timely pay Ms. Yanez Salcedo the minimum wage required by the FLSA, as set forth above, the Defendants violated the FLSA, damaging Ms. Yanez Salcedo.

5

32.     Ms. Yanez Salcedo is entitled to a back pay award of FLSA minimum wages for all unpaid/underpaid hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Claudia Yanez Salcedo, demands the entry of a judgment in her favor and against Defendants, Tacos El Porky I, LLC 305, Frank A. Neri, and Giancarlo Monsanto, jointly and severally, after trial by jury and as follows:

a.     That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.     That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

c.     That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.     That Plaintiff recover all interest allowed by law;

e.     That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

f.     Such other and further relief as the Court deems just and proper.

### COUNT I<sub>B</sub>
(By Edgard Emil Sepulveda Diaz)

Plaintiff, Edgard Emil Sepulveda Diaz, reincorporates and re-alleges paragraphs 4 through 29 as though set forth fully herein and further alleges as follows:

33.     Defendants failed and refused to pay Mr. Sepulveda Diaz even the minimum wage of $7.25 per hour required by the FLSA for each of the hours he worked by not timely paying him for many of the hours he worked.

6

34. As a direct and proximate result of Defendants' failure to timely pay Mr. Sepulveda Diaz the minimum wage required by the FLSA, as set forth above, the Defendants violated the FLSA, damaging Mr. Sepulveda Diaz.

35. Mr. Sepulveda Diaz is entitled to a back pay award of FLSA minimum wages for all unpaid/underpaid hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Edgard Emil Sepulveda Diaz, demands the entry of a judgment in his favor and against Defendants, Tacos El Porky I, LLC 305, Frank A. Neri, and Giancarlo Monsanto, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

f. Such other and further relief as the Court deems just and proper.

## COUNT II - FLSA OVERTIME WAGE VIOLATION(S)

### COUNT IIIA
(By Claudia Yanez Salcedo)

7

Plaintiff, Claudia Yanez Salcedo, reincorporates and re-alleges paragraphs 1 through 3 and 7 through 29 as though set forth fully herein and further alleges as follows:

36.     Defendants hired Ms. Yanez Salcedo at $12.00 per hour plus tips, and later raised her to $14.00 per hour plus tips.

37.     Ms. Yanez Salcedo regularly and routinely worked more than 40 hours a week for Defendants.

38.     Defendants failed and refused to pay Ms. Yanez Salcedo overtime wages calculated at time and one-half times of her regular hourly rate(s) of pay (of at least the applicable Florida Minimum Wage) for all of the hours worked beyond 40 hours in a given workweek.

39.     Ms. Yanez Salcedo is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Claudia Yanez Salcedo, demands the entry of a judgment in her favor and against Defendants, Tacos El Porky I, LLC 305, Frank A. Neri, and Giancarlo Monsanto, jointly and severally after trial by jury, and as follows:

a.   That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.   That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c.   That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.   That Plaintiff recover all interest allowed by law;

8

e.  That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

f.  Such other and further relief as the Court deems just and proper.

## COUNT IIB
### (By Edgard Emil Sepulveda Diaz)

Plaintiff, Edgard Emil Sepulveda Diaz, reincorporates and re-alleges paragraphs 4 through 29 as though set forth fully herein and further alleges as follows:

40.  Defendants agreed to pay Mr. Sepulveda Diaz $16.00 per hour plus tips.

41.  Mr. Sepulveda Diaz regularly and routinely worked more than 40 hours a week for Defendants.

42.  Defendants failed and refused to pay Mr. Sepulveda Diaz overtime wages calculated at time and one-half times of his regular hourly rate(s) of pay (of at least the applicable Florida Minimum Wage) for all of the hours worked beyond 40 hours in a given workweek.

43.  Mr. Sepulveda Diaz is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Edgard Emil Sepulveda Diaz, demands the entry of a judgment in his favor and against Defendants, Tacos El Porky I, LLC 305, Frank A. Neri, and Giancarlo Monsanto, jointly and severally after trial by jury, and as follows:

a.  That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

9

46.     Defendants, like the owners of most service establishments, allowed their customers to leave discretionary gratuities.

47.     Defendants' customers left gratuities that were intended for Plaintiffs and other similarly situated front-of-the-house tipped employees who worked for Defendants.

48.     The discretionary gratuities that Defendants' patrons left are referred to as "tips".

49.     Defendants exercised complete control over the tips that their patrons left for Plaintiffs and the tipped employees through credit and debit card payments (including ApplePay and GooglePay).

## COUNT IIIA
### (By Claudia Yanez Salcedo)

Plaintiff, Claudia Yanez Salcedo, reincorporates and re-alleges paragraphs 1 through 3, 7 through 29, and 44 through 49 as though set forth fully herein and further alleges as follows:

50.     Ms. Yanez Salcedo was to be paid, in part, by the tips left by Defendants' customers.

51.     Defendants disregarded the FLSA by keeping a portion of the tips for themselves and/or distributing such tips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, supervisors, cleaners, or back-of-the-house workers).

52.     As a direct and proximate result of Defendants' retaining a portion of the tips intended for Plaintiffs and the other traditionally tipped employees of Defendants and/or distributing a portion of the tips and/or overtips to traditionally non-tipped employees, Defendants violated the 29 U.S.C. §203(m)(2)(B) of the FLSA and damaged Ms. Yanez Salcedo.

53.     Ms. Yanez Salcedo is entitled to recover as damages all tips that Defendants improperly retained and/or improperly distributed to traditionally non-tipped employees.

11

54.    Ms. Yanez Salcedo is entitled to a back pay award of all tips she earned but did not receive, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Claudia Yanez Salcedo, demands the entry of a judgment in her favor and against Defendants, Tacos El Porky I, LLC 305, Frank A. Neri, and Giancarlo Monsanto, jointly and severally after trial by jury, and as follows:

a.    That Plaintiff recover compensatory tip damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.    That Plaintiff recover pre-judgment interest on all unpaid tips if the Court does not award liquidated damages;

c.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.    That Plaintiff recover all interest allowed by law;

e.    That Defendants be Ordered to make Plaintiff whole by providing appropriate tips improperly retained/distributed in an amount to be shown at trial and other affirmative relief; and

f.    Such other and further relief as the Court deems just and proper.

## COUNT IIIB
### (By Edgard Emil Sepulveda Diaz)

Plaintiff, Edgard Emil Sepulveda Diaz, reincorporates and re-alleges paragraphs 4 through 29, and 44 through 49 as though set forth fully herein and further alleges as follows:

55.    Mr. Sepulveda Diaz was to be paid, in part, by the tips left by Defendants' customers.

56.    Defendants disregarded the FLSA by keeping a portion of the tips for themselves and/or distributing such tips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, supervisors, cleaners, or back-of-the-house workers).

12

57.     As a direct and proximate result of Defendants' retaining a portion of the tips intended for Plaintiffs and the other traditionally tipped employees of Defendants and/or distributing a portion of the tips and/or overtips to traditionally non-tipped employees, Defendants violated the 29 U.S.C. §203(m)(2)(B) of the FLSA and damaged Ms. Yanez Salcedo.

58.     Mr. Sepulveda Diaz is entitled to recover as damages all tips that Defendants improperly retained and/or improperly distributed to traditionally non-tipped employees.

59.     Mr. Sepulveda Diaz is entitled to a back pay award of all tips she earned but did not receive, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Edgard Emil Sepulveda Diaz, demands the entry of a judgment in her favor and against Defendants, Tacos El Porky I, LLC 305, Frank A. Neri, and Giancarlo Monsanto, jointly and severally after trial by jury, and as follows:

a.  That Plaintiff recover compensatory tip damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.  That Plaintiff recover pre-judgment interest on all unpaid tips if the Court does not award liquidated damages;

c.  That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.  That Plaintiff recover all interest allowed by law;

e.  That Defendants be Ordered to make Plaintiff whole by providing appropriate tips improperly retained/distributed in an amount to be shown at trial and other affirmative relief; and

f.  Such other and further relief as the Court deems just and proper.

13

## COUNT IV – BREACH OF CONTRACT
(Against Tacos El Porky I, LLC 305)

### COUNT IVᴀ
(By Claudia Yanez Salcedo)

Plaintiff, Claudia Yanez Salcedo, reincorporates and re-alleges paragraphs 1 through 3 and 7 through 13 as though set forth fully herein and further alleges as follows:

61.     Through this claim, Ms. Yanez Salcedo seeks recovery of the "pure gap time" wages that he earned but did not receive.

62.     Ms. Yanez Salcedo and Defendant, Tacos El Porky I, LLC 305, agreed that in exchange for his working on its behalf, she would be compensated at $12.00 for each hour worked (plus tips) and then at $14.00 for each hour worked (plus tips).

63.     Ms. Yanez Salcedo performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

64.     Defendant, Tacos El Porky I, LLC 305, however, failed and refused to perform its obligation to timely pay Ms. Yanez Salcedo at the rate of $14.00 for each hour of work performed for Defendant.

65.     Ms. Yanez Salcedo has been damaged due to Defendant's failure to pay him at least the agreed-upon hourly rate for all work he performed.

WHEREFORE Plaintiff, Claudia Yanez Salcedo, demands the entry of a judgment in her favor and against Defendant, Tacos El Porky I, LLC 305, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred

14

in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court

deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## COUNT IV<sub>B</sub>
(By Edgard Emil Sepulveda Diaz)

Plaintiff, Edgard Emil Sepulveda Diaz, reincorporates and re-alleges paragraphs 4 through 13 as though set forth fully herein and further alleges as follows:

66.     Through this claim, Mr. Sepulveda Diaz seeks recovery of the "pure gap time" wages that he earned but did not receive.

67.     Mr. Sepulveda Diaz and Defendant, Tacos El Porky I, LLC 305, agreed that in exchange for his working on its behalf, he would be compensated at $16.00 per hour.

68.     Mr. Sepulveda Diaz performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

69.     Defendant, Tacos El Porky I, LLC 305, however, failed and refused to perform its obligation to timely pay Mr. Sepulveda Diaz at the rate of $16.00 for each hour of work performed for Defendant.

70.     Mr. Sepulveda Diaz has been damaged due to Defendant's failure to pay him at least the agreed-upon hourly rate for all work he performed.

WHEREFORE Plaintiff, Edgard Emil Sepulveda Diaz, demands the entry of a judgment in his favor and against Defendant, Tacos El Porky I, LLC 305, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

### COUNT V – UNJUST ENRICHMENT
(Against Tacos El Porky I, LLC 305)

16

## COUNT V<sub>A</sub>
### (By Claudia Yanez Salcedo)

Plaintiff, Claudia Yanez Salcedo, reincorporates and re-alleges paragraphs 1 through 3 and 7 through 13 as though set forth fully herein and further alleges as follows:

71.     Through this claim, Ms. Yanez Salcedo seeks recovery of the "pure gap time" wages that she worked and earned but did not receive.

72.     Ms. Yanez Salcedo provided labor and services for Defendant, Tacos El Porky I, LLC 305, and it received and accepted the benefits of the labor and services supplied by her.

73.     Ms. Yanez Salcedo expected to be paid a reasonable value for the labor and services provided to this Defendant.

74.     Ms. Yanez Salcedo provided services on behalf of Defendant, Tacos El Porky I, LLC 305, for its business, as requested, and it received and accepted the benefits of the work, efforts, and labor that she provided.

75.     Defendant, Tacos El Porky I, LLC 305, was unjustly enriched in that it failed and refused to make payment to Ms. Yanez Salcedo for the benefits conferred upon it during her employment.

WHEREFORE Plaintiff, Claudia Yanez Salcedo, demands the entry of a judgment in her favor and against Defendant, Tacos El Porky I, LLC 305, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## COUNT V<sub>B</sub>

17

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

(By Edgard Emil Sepulveda Diaz)

Plaintiff, Edgard Emil Sepulveda Diaz, reincorporates and re-alleges paragraphs 4 through 13 as though set forth fully herein and further alleges as follows:

76.     Through this claim, Mr. Sepulveda Diaz seeks recovery of the "pure gap time" wages that she worked and earned but did not receive.

77.     Mr. Sepulveda Diaz provided labor and services for Defendant, Tacos El Porky I, LLC 305, and it received and accepted the benefits of the labor and services supplied by him.

78.     Mr. Sepulveda Diaz expected to be paid a reasonable value for the labor and services provided to this Defendant.

79.     Mr. Sepulveda Diaz provided services on behalf of Defendant, Tacos El Porky I, LLC 305, for its business, as requested, and it received and accepted the benefits of the work, efforts, and labor that he provided.

80.     Defendant, Tacos El Porky I, LLC 305, was unjustly enriched in that it failed and refused to make payment to Mr. Sepulveda Diaz for the benefits conferred upon it during his employment.

WHEREFORE Plaintiff, Edgard Emil Sepulveda Diaz, demands the entry of a judgment in his favor and against Defendant, Tacos El Porky I, LLC 305, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

18

Plaintiffs, Claudia Yanez Salcedo and Edgard Emil Sepulveda Diaz, demands a trial by jury of all issues so triable.

Respectfully submitted this 18th day of November 2025,

<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
Counsel for Plaintiff

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*