**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-25377-CIV-DIMITROULEAS/D'ANGELO**

CLAUDIA YANEZ SALCEDO, and
EDGARD EMIL SEPULVEDA DIAZ,

      Plaintiffs,

vs.

TACOS EL PORKY I, LLC, et al.,

      Defendants.

_____/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS'**
**MOTION TO DEEM SERVICE OF COMPLAINT PERFECTED VIA**
**SUBSTITUTED SERVICE THROUGH THE FLORIDA SECRETARY OF STATE**

**THIS CAUSE** is before the Court on Plaintiffs Claudia Yanez Salcedo's and Edgard Emil Sepulveda Diaz's Motion to Deem Service of Complaint Perfected Via Substituted Service Through the Florida Secretary of State (as to Defendants Frank A. Neri and Giancarlo Monsanto) filed on March 20, 2026 (DE 26).[1]  Defendants Frank A. Neri and Giancarlo Monsanto did not file a response, and the time to do so has passed.  Having considered Plaintiffs' arguments, the relevant legal authorities, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **ORDERED and ADJUDGED** that Plaintiffs' Motion is **DENIED WITHOUT PREJUDICE**.

In the Motion, Plaintiffs seek an order that substituted service of process was perfected upon Defendants Neri and Monsanto under Florida Statute Sections 48.031 and 48.161 (DE 26 at 5).  Plaintiffs assert that after numerous attempts at personal service with a process server,

---

[1] The Motion was referred to the undersigned Magistrate Judge for appropriate disposition or Report and Recommendation (DE 27).

1

"Plaintiffs proceeded with substitute service under Florida Statute § 48.161" (*id.* ¶ 9). But, "Section 48.161 sets forth the method that must be followed for use of substituted service on *nonresidents*." *Thompson v. Mosby Legal Grp., LLC*, No. 12-CV-692J99, 2012 WL 13145517, at *3 (M.D. Fla. Nov. 28, 2012) (emphasis added). Nowhere in their Motion do Plaintiffs explain whether Defendants Neri and Monsanto are "nonresident[s]." FLA STAT. § 48.161(1) (2025).

Similarly, the Complaint provides no guidance either. Plaintiffs allege Defendants Neri and Monsanto were "at all times material an owner, officer, director, or manager of the corporate Defendant during the period relevant to this lawsuit. [] [They] managed its daily operations, [] [were] responsible for all operational decisions, and [] [were] partially or totally responsible for paying Plaintiffs' wages." (*id.* ¶¶ 8, 9). Absent from these allegations is any mention of Defendants Neri and Monsanto's residency. Therefore, the Court cannot determine, absent information about whether Defendants are non-residents, if Section 48.161(1) properly authorizes substituted service in this case.

Defendants Neri and Monsanto's residency could be irrelevant under Section 48.181. "Section 48.181(4), [states that] any individual . . . that conceals its whereabouts is deemed to have appointed the Secretary of State as its agent to accept service of process . . . ." *Aguila v. RQM+ LLC*, No. 23-CIV-24702, 2025 WL 2349024, at *4 (S.D. Fla. Aug. 12, 2025). Nowhere in Plaintiffs' Motion do they state that they are relying on Section 48.181(4) to authorize substituted service. In the Declaration of Katelyn Schickman, Esq, attached thereto, Plaintiffs reference Section 48.181. However, this passing reference to Section 48.181 in a Declaration attached to the Motion is insufficient to raise the argument with the Court that Section 48.181(4) provides the basis for the Court to authorize substituted service.

2

Based on the foregoing, Plaintiffs' Motion to Deem Service of Complaint Perfected Via Substituted Service Through the Florida Secretary of State (as to Defendants Frank A. Neri and Giancarlo Monsanto) (DE 26) is **DENIED WITHOUT PREJUDICE**. Any renewed Motion shall include information concerning the residence of Defendants Neri or Monsanto if Plaintiffs are relying on Section 48.161 as the basis for substituted service. Alternatively, Plaintiff should state which statute and subsection Plaintiff relies on and provide sufficient facts for the Court to find that the section relied upon authorizes substituted service in this case.

**DONE and ORDERED** in Chambers in Miami, Florida on this 13th day of April, 2026.

_____

ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:     All Counsel of Record

3