UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-25377-DIMITROULEAS/D'ANGELO

CLAUDIA HELEN YANEZ SALCEDO,
and EDGARD EMIL SEPULVEDA DIAZ,

     Plaintiffs,

vs.

TACOS EL PORKY I, LLC,
FRANK A. NERI, and
GIANCARLO MONSANTO,

     Defendants.

_____/

## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AGAINST DEFENDANT, TACOS EL PORKY I, LLC

Plaintiffs, Claudia Helen Yanez Salcedo and Edgard Emil Sepulveda Diaz, through undersigned counsel and pursuant to Federal Rule of Civil Procedure 55, Local Rule 7.1, and other applicable rules and laws, request that the Court enter a Final Judgment in their favor and against Defendant, Tacos El Porky I, LLC, based on the following good cause:

### I. MOTION FOR DEFAULT

1. Plaintiffs, Claudia Helen Yanez Salcedo and Edgard Emil Sepuulveda Diaz, sued Defendants, Tacos El Porky I, LLC, Frank A. Neri, and Giancarlo Monsanto for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, by failing to pay them minimum wages, overtime wages, and tips. [ECF No. 1].

2. Immediately after filing the Complaint, Plaintiffs initiated service of process and provided a certified process server with the issued Summonses and Complaint for service upon all Defendants.

3. Plaintiffs perfected service on Defendant, Tacos El Porky I, LLC, via substituted service on Florida's Secretary of State on March 13, 2026. [ECF No. 24].

4. Defendant, Tacos El Porky I, LLC, failed to respond to the Complaint or otherwise appear in this action within the time permitted by the Federal Rules of Civil Procedure and this Court. Accordingly, the Clerk of Court granted Plaintiffs' Motion for Entry of Clerk's Default. [ECF No. 32].

5. Appended to this motion as Exhibit "A" is a Declaration of Indebtedness by Plaintiff Claudia Helen Yanez Salcedo, wherein she attests to being owed $44,860.00, comprised of $1,719.94 in unpaid minimum wages, $4,564.06 in unpaid overtime wages, $16,146.60 in unpaid tips, and $22,430.00 in liquidated damages. (Exhibit "A").

6. Appended to this motion as Exhibit "B" is a Declaration of Indebtedness by Plaintiff Edgard Emil Sepulveda Diaz, wherein he attests to being owed $9,767.88, comprised of $1,442.86 in unpaid minimum wages, $2,140.62 in unpaid overtime wages, $1,300.46 in unpaid tips, and $4,883.94 in liquidated damages. (Exhibit "B").

7. As the prevailing parties in this case, Plaintiffs seek the recovery of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b) and Fla. Stat. §448.08, and therefore seek an order of entitlement to recover their attorneys' fees and costs from Defendant, Tacos El Porky I, LLC.

8. A proposed Final Default Judgment is being filed with this motion as Exhibit "C."

9.     Plaintiff is serving a copy of this Motion on Defendant, Tacos El Porky I, LLC, by U.S. Mail at the address it was served with process in this action.

WHEREFORE, Plaintiffs, Claudia Helen Yanez Salcedo and Edgard Emil Sepulveda Diaz, request the Court to issue a Final Judgment in their favor against Defendant, Tacos El Porky I, LLC, for Ms. Yanez's unpaid minimum wage damages of $1,719.94, Mr. Sepulveda's unpaid minimum wage damages of $1,422.86, Ms. Yanez's unpaid overtime wage damages of $4,564.06, Mr. Sepulveda's unpaid overtime wage damages of $2,140.62, Ms. Yanez's unpaid tip damages of $16,146.60, Mr. Sepulveda's unpaid tip damages of $1,300.46, liquidated damages for Ms. Yanez of $22,430.00, liquidated damages for Mr. Sepulveda of $4,883.94, entitlement to recover their attorney's fees and costs from Defendant under 29 U.S.C. 216(b), and to award such other and further relief as the Court deems just and proper.

## II.  MEMORANDUM OF LAW

In *Eagle v. Hosp. Physicians, LLC v. SRG Consulting, Inc.,* the Eleventh Circuit Court of Appeals recognized that, "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts established.'" 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const Co. v. Houston Nat'l Vabj,* 515 F.2d 1200, 1206 (5th Cir. 1975); also citing *Buchanan v. Bowman,* 820 F.2d 369,361 (11th Cir. 1987)).

Satisfying this standard, Plaintiffs alleged facts in the Complaint that, as admitted pursuant to Defendant's default, establish that Defendant was subject to and violated the FLSA by failing to pay Plaintiffs minimum wages, overtime wages, and tips they earned, thereby entitling Ms.  Yanez

and Mr. Sepulveda to recover their unpaid minimum wages, overtime wages, tips liquidated damages, and attorneys' fees and costs.

To recover under the FLSA, Plaintiff is "simply" required to demonstrate "a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Sec'y of Labor v. Labbe,* 319 Fed. Appx. 761, 763 (11th Cir. 2008) (citing 29 U.S.C. §§206, 207, and 215(a)(2) and (5).)

## A.  Defendant Employed Plaintiffs

Plaintiffs alleged in the Complaint that Defendant, Tacos El Porky I, LLC, was their employer and responsible for paying their wages. [ECF no. 1 at ¶¶ 14, 15, 19].

## B.  The FLSA Applies to Defendant and to Plaintiffs' work for Defendant

Plaintiff must also demonstrate that he is entitled to the protections of the FLSA by virtue of enterprise or individual coverage.

> To establish enterprise coverage under the FLSA, a business must have "employees engaged in commerce or in the production of goods for commerce or that [have] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and "at least $500,000 of 'annual gross volume of sales made or business done.'" *Polycarpe v. E&S Landscaping Serv., Inc.,* 488 F.3d 1264, 1266 (citing 29 U.S.C. §207(a)(1)).

*West v. Aventura Limousine & Transp. Serv., Inc.,* 2012 U.S. Dist. LEXIS 114368 at *4(S.D. Fla. Aug. 14, 2012).

In the Complaint, Plaintiffs alleged that Defendants' restaurant has two or more employees who were engaged in interstate commerce or the production of goods for commerce and had gross revenues exceeding $500,000 per year during the time Plaintiff worked. [ECF No. 1 at ¶¶ 20-25]. Plaintiffs further alleged that Defendants' restaurant "regularly and routinely engaged in interstate commerce by taking food/drink orders, entering them into the Toast software, processing credit

card, debit card, Apple Pay, and Google Pay transactions, cooking the food, serving the food and drinks, and then cleaning the Defendants' restaurant." [ECF No. 1 at ¶ 18]. Plaintiffs, therefore, sufficiently alleged a basis for the Court to find that Defendant is subject to FLSA enterprise coverage. *Exime v. E.W. Ventures Inc.,* 591 F. Supp. 2d 1364, 1369 (S.D. Fla. 2008) ("a defendant employer, grossing in excess of $500,000, is subject to enterprise coverage where at least two employees engage in 'handling, selling, or otherwise working on goods or materials that have been moved or produced for commerce by any person.'") (quoting 29 U.S.C. §203(s)(1)(A)(i)).

## C. **Plaintiffs Performed Work for Which They Were Not Paid**

Where information was missing from the records in Plaintiffs' possession, they estimated the information to arrive at their minimum wage, overtime wage, and tip damages. (*See* Exhibit "A").

> An employee who brings suit under s 16(b) of the Act for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated. The remedial nature of this statute and the great public policy it embodies, however, militate against making that burden an impossible hurdle for the employee. Due regard must be given to the fact that is it the employer who has the duty under s 11(c) of the Act to keep proper records of wages, hours, and other conditions and practices of employment and who is in a position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out his burden of proof.

*Anderson v. Mt. Clemmens Pottery Co.,* 328 U.S. 680, 686-87 (1946). Ms. Yanez attested to having suffered damages for unpaid FLSA minimum wages of $1,719.94, overtime wages of $4,564.06, and tips of $16,146.60. (Exhibit "A"). Mr. Sepulveda attested to having suffered damages for unpaid FLSA minimum wages of $1,442.86, overtime wages of $2,140.62, and tips of $1,300.46.

(Exhibit "B"). Plaintiffs thus satisfied the requirement that they provide the court with evidentiary support for their damages recoverable under the FLSA.

> Following the entry of a default judgment, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or on capable of mathematical calculation," so long as all essential evidence is a matter of record. *S.E.C. v. Smyth,* 420 F.3d 1225, 1231, 123 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement against racism & the Klan,* 777 F.3d 1538, 1544 (11th Cir. 1985).

*Febles v. RC Painting Contractors, Inc.,* 2013 U.S. Dist. LEXIS 198664 at *1 (S.D. Fla. Dec. 31, 2013).

### D. <u>Plaintiffs Are Entitled to Liquidated Damages</u>

The FLSA requires the doubling of an award unless the employer(s) can successfully show good faith pursuant to 29 U.S.C. §260. *Rodriguez v. Farm Stores Grocery, Inc.,* 518 F.3d 1295, 1272 (11th Cir. 2008) ("Under the FLSA, a district court generally must award a Plaintiff liquidated damages that are equal in amount to actual damages."); *see also Dybach v. State of Fla. Dept. of Corr.,* 942 F.2d 1562, 1566-68 (11th Cir. 1991). The employer carries the burden of proving its entitlement to the "safe harbor" provisions of the Portal-to-Portal Act. *Joiner v. City of Macon,* 814 F.2d 1537, 1539 (11th Cir. 1987). Defendant, Tacos El Porky I, LLC, has not and cannot meet its burden by failing to defend this action; therefore, the Court must award liquidated damages to Plaintiffs in an amount equal to their unpaid minimum wages, overtime wages, and tips. *See Joiner,* 814 F.2d at 1539. ("Thus, the district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith.") Consequently, Ms. Yanez and Mr. Sepulveda are entitled to recover an additional amount of $2,453.15 as liquidated damages from Defendant Tacos El Porky I, LLC.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the court enter a Default Final Judgment against Defendant Tacos El Porky I, LLC, granting the relief described herein and determining that Plaintiffs are the prevailing party entitled to attorneys' fees and costs pursuant to 29 U.S.C. §216(b). Plaintiffs further request that the Court reserve jurisdiction to determine the amount of such attorney's fees and costs upon Plaintiffs' subsequent application.

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/ECF System this 11th day of May 2026, which will effect service on all who have appeared in this action, and by U.S. mail on Defendant, Tacos El Porky I, LLC, at 150 S.E. 2nd Avenue #1003, Miami, Florida 33131 (its last known mailing address, and the address of its registered agent).

s/Katelyn Schickman, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
Katelyn Schickman, Esq.
Fla. Bar No. 1064879
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Miami, FL 33146
Tel: 305.230.4884
*Counsel for Plaintiff*
