UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-25377-DIMITROULEAS/D'ANGELO

CLAUDIA HELEN YANEZ SALCEDO
and EDGARD EMIL SEPULVEDA DIAZ

      Plaintiffs,

vs.

TACOS EL PORKY I, LLC,
FRANK A. NERI, and
GIANCARLO MONSANTO,

      Defendants.

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT FRANK A. NERI'S MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiffs, Claudia Helen Yanez Salcedo ("Ms. Yanez") and Edgard Emil Sepulveda Diaz ("Mr. Sepulveda"), filed this lawsuit as a multi-count Complaint [ECF No. 1] seeking recovery from Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, for unpaid minimum wages, unpaid overtime wages, and unlawfully confiscated tips, along with state law claims for breach of contract and unjust enrichment. Defendant Frank A. Neri ("Neri"), appearing *pro se*, first responded to the Complaint with his Answer and Affirmative Defenses, filed jointly with co-Defendant Giancarlo Monsanto, on March 9, 2026. [ECF No. 23]. More than two months later, Neri filed his Motion to Dismiss [ECF No. 42] (the "Motion"), contending that Plaintiffs failed to allege specific facts showing he had the power to hire or fire employees, supervise work

schedules, or determine the rate and method of pay, and asserting that he maintains no ownership interest or management role in the business entity.

Neri's Motion fails for multiple, independent reasons. First, it is procedurally improper: Neri filed his Answer before his Motion under Fed. R. Civ. P. 12(b)(6), waiving the right to seek pre-answer dismissal. Second, and more fundamentally, Neri's Motion is directly contradicted by the allegations of the Complaint and by his own admissions and filings in this case. The Complaint expressly alleges that Neri was, at all times material, an owner, officer, director, or manager of Defendant Tacos El Porky I, LLC, that he managed its daily operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiffs' wages. [ECF No. 1 at ¶ 8]. These well-pleaded factual allegations, accepted as true at this stage, are more than sufficient to establish Neri's status as an "employer" under the FLSA's economic reality test. Moreover, Neri's own Answer in this case concedes that Defendants are "members of an entity with an investment interest in Tacos El Porky I, LLC" [ECF No. 23 at ¶ 1], the Florida Division of Corporations records confirm that Baja Restaurant Group, LLC, the entity with which Neri associates himself through his email address fn@bajarestaurantgroup.com, serves as both the registered agent and sole authorized person for Tacos El Porky I, LLC [ECF No. 42]; and prior filings with the state of Florida identify Neri as "an authorized representative for the Registered Agent" of Tacos El Porky I, LLC (Exhibit "A"). Neri's attempt to label himself a mere passive investor while simultaneously acting through the entity that serves as Tacos El Porky I, LLC's registered agent and authorized person is precisely the type of factual dispute that must be resolved through discovery, not disposed of at the pleadings stage. As set forth in more detail below, Neri's Motion to Dismiss must be denied.

## II. RELEVANT FACTUAL ALLEGATIONS

1.      Plaintiff, Claudia Helen Yanez Salcedo, worked for Defendants, including Tacos El Porky I, LLC and Frank A. Neri, from approximately April 2024 through September 3, 2025, as a cook, server, and busser. [ECF No. 1 at ¶¶ 2-3].

2.      Plaintiff, Edgard Emil Sepulveda Diaz, worked for Defendants, including Tacos El Porky I, LLC and Frank A. Neri, from approximately May 2025 through September 2, 2025, as a cook, server, and busser. [ECF No. 1 at ¶¶ 4-5].

3.      Although hired as cooks, Defendants directed Ms. Yanez and Mr. Sepulveda to perform work as cooks, servers, and bussers throughout their employment. [ECF No. 1 at ¶¶ 2, 6].

4.      At all times material, Defendant Frank A. Neri was an owner, officer, director, or manager of Tacos El Porky I, LLC. [ECF No. 1 at ¶ 8].

5.      Neri managed the daily operations of Tacos El Porky I, LLC, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiffs' wages. [ECF No. 1 at ¶ 8].

6.      Defendants, including Neri, controlled, coordinated, and supervised all job-related activities of the Plaintiffs. [ECF No. 1 at ¶¶ 26-28].

7.      Defendants failed and refused to pay Ms. Yanez and Mr. Sepulveda the minimum wages required by the FLSA, failed to pay overtime wages at time and one-half for all hours worked beyond 40 in a workweek, and unlawfully retained tips intended for Plaintiffs and other tipped employees. [ECF No. 1 at ¶¶ 30-31, 33-34, 38, 42, 51-52, 56-57].

8.      Ms. Yanez was hired at $12.00 per hour plus tips and was later raised to $14.00 per hour plus tips. [ECF No. 1 at ¶ 36].

9.      Ms. Yanez regularly and routinely worked more than 40 hours per week for Defendants. [ECF No. 1 at ¶ 37].

10.      Mr. Sepulveda was hired at $16.00 per hour plus tips. [ECF No. 1 at ¶ 40].

11.      Mr. Sepulveda regularly and routinely worked more than 40 hours per week for Defendants. [ECF No. 1 at ¶ 41].

12.      Plaintiffs filed their Complaint on November 18, 2025, asserting claims for FLSA minimum wage violations, FLSA overtime violations, FLSA tip confiscation, breach of contract, and unjust enrichment. [ECF No. 1].

13.      Defendant Frank A. Neri and co-Defendant Giancarlo Monsanto filed their Answer and Affirmative Defenses, which was docketed on March 9, 2026. In that Answer, Defendants admitted that they are "members of an entity with an investment interest in Tacos El Porky I, LLC," while denying employer status. [ECF No. 23 at ¶ 1].

14.      The Florida Division of Corporations records confirm that Baja Restaurant Group, LLC serves as both the registered agent and the sole authorized person (AMBR) for Tacos El Porky I, LLC, with a listed address of 150 SE 2nd Ave., #1003, Miami, FL 33131. (Exhibit "A.")

15.      Prior to filing his Motion to Dismiss, Neri contacted Plaintiffs' counsel by email seeking a stipulation of dismissal as referenced in the Local Rule 7.1(A)(3) Certificate of his Motion. In that Motion, Neri lists his contact email as fn@bajarestaurantgroup.com, directly connecting him to Baja Restaurant Group, LLC, the registered agent and authorized person for

Tacos El Porky I, LLC. [ECF No. 42]. Plaintiffs further identified Neri as "listed as an authorized representative for the Registered Agent" in their Notice of Compliance. [ECF No. 25].

16.     Plaintiffs' counsel declined to stipulate to Neri's dismissal. [ECF No. 42, Sec. II].

17.     Defendant Frank A. Neri filed his Motion to Dismiss and Memorandum of Law on May 15, 2026, more than two months after his Answer, arguing that the Complaint failed to plead facts sufficient to establish his personal liability as an "employer" under the FLSA's economic reality test. [ECF No. 42].

### III. STANDARD FOR MOTIONS TO DISMISS

Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has made clear that plausibility pleading does not demand evidentiary detail:

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).

A complaint satisfies Rule 8 when it contains sufficient factual content to permit a reasonable inference of liability:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

The Eleventh Circuit has expressly recognized that FLSA claims carry a straightforward pleading standard. In *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008), the court explained:

Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act.

The Eleventh Circuit later clarified that stating a claim under the FLSA merely requires that "[t]he facts alleged in the complaint are plausible and raise a reasonable expectation that discovery could supply additional proof of [Defendants'] liability." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

When reviewing a motion to dismiss, courts must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Id.*; *see also Levine v. World Fin. Network Nat. Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006) ("[T]he pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in the light most favorable to the plaintiff."). District courts in the Eleventh Circuit have consistently denied motions to dismiss FLSA claims where defendants argue the complaint requires more factual detail than simply pleading the elements of the violation. *Vieyra v. Triple Diamond 777'S, LLC*, 2025 U.S. Dist. LEXIS 67353, at *6-8 (M.D. Fla. Apr. 9, 2025); *Cipriano v. LJ Hayashi Japanese Rest., LLC*, 2025 U.S. Dist. LEXIS 4496, at *1 (S.D. Fla. Jan. 8, 2025), *report and rec. approved*, 2025 U.S. Dist. LEXIS 8555, at *1 (S.D. Fla. Jan. 15, 2025) (Singhal, J.).

## IV. ARGUMENT AGAINST DISMISSAL

Defendant Neri seeks dismissal on the sole ground that the Complaint fails to allege sufficient facts to show he qualifies as an "employer" under the FLSA's economic reality test.

[ECF No. 42]. This argument fails for multiple independent reasons, each of which, standing alone, requires denial of the Motion.

**A.**     <u>**Neri's Motion to Dismiss Is Procedurally Improper Because He Already Filed a Responsive Pleading.**</u>

As a threshold matter, Neri's Motion is procedurally improper and should be denied on that basis alone. Federal Rule of Civil Procedure 12(b) expressly provides that a motion asserting a defense under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Neri filed his Answer and Affirmative Defenses on March 9, 2026, before filing his Motion to Dismiss on May 15, 2026. [ECF Nos. 23, 42]. By filing a responsive pleading first, Neri forfeited the right to bring a pre-answer motion to dismiss under Rule 12(b)(6). *Neelu Aviation, LLC v. Boca Aircraft Maint., LLC.,* 2019 U.S. Dist. LEXIS 155861, at *4 (S.D. Fla. Sep. 12, 2019). His Motion is therefore procedurally improper on its face, and this alone warrants denial.

To the extent the Court construes Neri's Motion as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), the motion fares no better. The standard for a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion: the Court accepts all well-pleaded allegations as true and draws all reasonable inferences in the plaintiff's favor. Plaintiffs' Complaint, for all the reasons set forth below, more than satisfies that standard as to Neri.

**B.**     <u>**The Complaint Pleads Specific Facts More Than Sufficient to Establish Neri's Status as an Employer Under the FLSA.**</u>

Even setting aside the procedural infirmity, Neri's Motion is substantively without merit. Neri contends that Plaintiffs "failed to allege specific facts showing that Defendant Neri had the

power to hire or fire employees, supervise work schedules, or determine the rate and method of pay." [ECF No. 42]. This contention ignores the plain text of the Complaint.

The Complaint expressly alleges:

"Defendant, Frank A. Neri, was at all times material an owner, officer, director, or manager of the corporate Defendant during the period relevant to this lawsuit. He managed its daily operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiffs' wages." [ECF No. 1 at ¶ 8].

The Complaint further alleges that "Defendants controlled all job-related activities of Plaintiff" [ECF No. 1 at ¶ 26], that "Defendants coordinated all job-related activities of Plaintiff" [ECF No. 1 at ¶ 27], and that "Defendants supervised Plaintiff's work." [ECF No. 1 at ¶ 28]. The Complaint also alleges that "Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term 'employer' is defined by 29 U.S.C. §203(d)." [ECF No. 1 at ¶ 19]. And it specifically alleges that "The FLSA makes each 'employer' jointly and severally liable for all wages, liquidated damages, attorneys' fees, and costs owed." [ECF No. 1 at ¶ 29]. These allegations are more than sufficient under binding precedent. The Eleventh Circuit has long recognized that the FLSA's definition of "employer" is to be applied broadly in accordance with economic reality.

The Eleventh Circuit held that an individual may qualify as an "employer" under the FLSA based on allegations of operational control over the enterprise, without requiring a plaintiff to establish each factor of the economic reality test at the pleading stage. *Patel v. Wargo,* 803 F.2d 632, 637-38 (11th Cir. 1986). Similarly, the Eleventh Circuit affirmed that individual defendants who are alleged to have managed daily business operations, supervised employees, and exercised control over the terms and conditions of employment satisfy the FLSA's employer definition under the economic reality test. *Lamonica v. Safe Hurricane Shutters, Inc.,* 711 F.3d 1299, 1314 (11th

Cir. 2013). Most recently, the Eleventh Circuit reaffirmed that allegations of control, coordination, and supervision of employees' job-related activities are sufficient to establish that an individual defendant is an "employer" for purposes of the FLSA. *Spears v. Bay Inn & Suites Foley, LLC,* 105 F.4th 1315, 1319 (11th Cir. 2024). Taken together, these cases confirm that the Complaint's allegations – that Neri controlled, coordinated, and supervised all job-related activities of Plaintiffs, managed daily operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiffs' wages – are precisely the type of allegations that courts in this Circuit have consistently found sufficient to survive a motion to dismiss.

These allegations, taken together and accepted as true for purposes of this Motion, plainly put Neri on notice that he is alleged to be an employer who controlled Plaintiffs' employment and was responsible for the wage violations at issue. The Complaint identifies Neri by name, describes his role as an owner, officer, director, or manager, and specifically alleges that he managed daily operations, was responsible for all operational decisions, and bore responsibility for paying Plaintiffs' wages. Under the FLSA's broad definition of "employer" in 29 U.S.C. §203(d), these allegations describe precisely the kind of operational control that gives rise to individual liability.

Neri relies on *Villareal v. Saenz*, 2021 U.S. Dist. LEXIS 94183 (W.D. Tex. May 18, 2021), for the proposition that he must exercise "operational control" to qualify as an employer. [ECF No. 42]. This reliance is unavailing for two reasons. First, *Villareal v. Saenz* is a Texas district court decision with no precedential or binding authority in the Southern District of Florida. Second, *Villareal v. Saenz* did not arise under the FLSA. Importing an "operational control" standard from an out-of-circuit, non-FLSA Texas case would require displacing the well-established economic

reality test applied to individual employer liability in FLSA cases in this Circuit, and Neri offers no principled basis for doing so.

Moreover, even if the "operational control" standard Neri borrows from *Villareal v. Saenz* were the correct measure, the Complaint's allegations satisfy it on their face. The Complaint expressly states that Neri managed daily operations and was responsible for all operational decisions. [ECF No. 1 at ¶ 8]. Whether Plaintiffs can ultimately prove those facts is a matter for discovery and trial, not a basis for dismissal at the pleadings stage. Requiring anything further "would essentially require [Plaintiffs] to prove [their] claim at the pleading stage," which the Eleventh Circuit has explicitly rejected. *Cipriano v. LJ Hayashi Japanese Rest., LLC*, 2025 U.S. Dist. LEXIS 4496, at *1 (S.D. Fla. Jan. 8, 2025), report and rec. approved, 2025 U.S. Dist. LEXIS 8555, at *1 (S.D. Fla. Jan. 15, 2025) (Singhal, J.)

**C.    Neri's Own Filings and Admissions Contradict His Denial of Employer Status and Render Dismissal Inappropriate.**

Neri's Motion rests entirely on his own self-serving assertions: that he "maintains no ownership interest or management role in the business entity" and is not an "employer" under the economic reality test. [ECF No. 42]. Factual disputes of this kind cannot be resolved at the motion to dismiss stage. The Court is not permitted to weigh competing claims about the facts. All allegations in the Complaint must be accepted as true, and all reasonable inferences must be drawn in Plaintiffs' favor.

Neri's own filings in this case strikingly undercut his position on three separate and independent grounds.

First, in his Answer, filed jointly with co-Defendant Monsanto, Defendants admitted that they are "members of an entity with an investment interest in Tacos El Porky I, LLC." [ECF No.

23 at ¶ 1]. That admission confirms Neri's membership interest in the entity involved in this lawsuit. Any motion to dismiss that requires the Court to credit Neri's later denials over the well-pleaded allegations of the Complaint is procedurally and substantively improper.

Second, Neri's own Motion to Dismiss lists his contact email address as fn@bajarestaurantgroup.com, directly linking him to Baja Restaurant Group, LLC. [ECF No. 42]. Florida Division of Corporations records confirm that Baja Restaurant Group, LLC serves as both the registered agent and the sole authorized person (AMBR) for Tacos El Porky I, LLC at 150 SE 2nd Ave., #1003, Miami, FL 33131. (Exhibit "A.") Prior filings in this case have identified Neri specifically as "an authorized representative for the Registered Agent" of Tacos El Porky I, LLC. (Exhibit "A"). Far from establishing that Neri lacks any connection to the business, his own use of a Baja Restaurant Group email address confirms precisely the relationship that the Complaint alleges.

Third, Neri's claim to be a "mere investor" with no role in Tacos El Porky I, LLC is flatly inconsistent with the undeniable reality that he acts through, and holds himself out as an authorized representative of, the entity that serves as Tacos El Porky I, LLC's registered agent and authorized person. If Neri were truly a passive investor with no connection to the business, he would have no occasion to use a Baja Restaurant Group email address and no reason for prior filings in this case to identify him as the Registered Agent's authorized representative.

Neri's argument amounts to a factual dispute with the well-pleaded allegations of the Complaint. A motion to dismiss that disagrees with facts alleged in a Complaint is a concession that discovery, not dismissal, is the appropriate next step. *See St. George v. Pinellas Cty.,* 285, F.3d 1334, 1337 (11th Cir. 2002). With the Court confined to accepting the allegations of the

Complaint as true and construing all inferences from those facts in Plaintiffs' favor, Neri's Motion must be denied.

**E.       The Court Cannot Permit Neri to Raise New Arguments in Reply.**

To the extent that Neri attempts to raise new arguments or new factual contentions for the first time in any reply brief, Plaintiffs respectfully submit that such arguments would be procedurally improper and should not be considered by the Court *Herring v. Sec'y, Dep't of Corr.,* 397 F.3d 1338, 1342 (11th Cir. 2005). New arguments raised for the first time in a reply brief are not proper before the reviewing court and cannot serve as a basis for granting the Motion, given the factual disputes identified above. *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1321 (S.D. Fla. 2009). The Court cannot properly consider any new argument that Neri did not raise in his Motion to Dismiss.

**F.       Any Dismissal Should Be Without Prejudice.**

Plaintiffs submit that the Complaint sufficiently alleged all claims against Defendant Neri and that the Court should deny the Motion outright. If the Court nonetheless determines that Plaintiffs failed to sufficiently allege any facts necessary to place Neri on notice of their claims against him, they respectfully request that the Court enter a dismissal without prejudice to allow them to address any perceived deficiencies in an amended pleading.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs, Claudia Helen Yanez Salcedo and Edgard Emil Sepulveda Diaz, respectfully request that the Court determine that they sufficiently pled their claims against Defendant Frank A. Neri and deny his Motion to Dismiss. Neri's Motion is procedurally improper as a post-answer filing, and, in any event, is substantively meritless because

the Complaint's well-pleaded allegations, Neri's own admissions in his Answer, his acknowledged affiliation with the Registered Agent for Tacos El Porky I, LLC, and his identification as an authorized representative of that Registered Agent all establish that his employer status is a factual question for discovery and trial. If the Court grants dismissal as to any claim or allegation, Plaintiffs request it be without prejudice to filing an amended pleading.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic mail upon Defendant Frank A. Neri, *Pro Se*, at fn@bajarestaurantgroup.com, 150 S.E. 2nd Avenue, #1003, Miami, FL 33131, on this 28th day of May 2026.

Respectfully submitted this 28th day of May 2026,

s/ Katelyn Schickman
Katelyn Schickman, Esq. (1064879)
katie@fairlawattorney.com
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiffs*